GEORGE W. FULLIAM, Appellant, v. ROBERT HAGENS, Appellee.

Replevin: EVIDENCE: INSTRUCTIONS.

*Appeal from Muscatine District Court.*—HON. C. M. WATERMAN, Judge.

SATURDAY, OCTOBER 24, 1891.

ACTION to recover possession of a sorrel pony called "Dandy." Each party claims to be the absolute owner, and, as such, entitled to the immediate possession of the pony. The case was tried to a jury, resulting in a verdict and judgment for the defendant. The plaintiff appeals. *Affirmed.*

*E. F. Richman,* for appellant.

*Cloud & Doran,* for appellee.

GIVEN, J.—I. The right to the possession of the sorrel pony in controversy rests upon the ownership thereof, and the ownership upon a determination of the terms of a certain contract made by the parties. They made an exchange of horses, the defendant giving his to the plaintiff for five dollars and a certain mare, thereafter to be delivered to the defendant, and which he had never seen. The defendant alleges that the plaintiff represented that the mare was as good as the pony "Dandy," and that it was agreed that if she was not the defendant should have the right to take the pony. He alleges that the mare was crippled and worthless, and that for that reason he did take the pony in controversy. The plaintiff denies these allegations. The appellant's first contention is that the verdict is against, and not supported by, the evidence. There is a marked conflict in the evidence as to what the agreement was. Under the uniform rulings of this court the verdict will not be disturbed as being against or not supported by the evidence when there is a conflict in the evidence. These parties testified directly opposite as to what the agreement was. It was for the jury to determine to what extent either was corroborated or contradicted, and the weight to be given to the testimony. We cannot say that the verdict is not supported by the evidence.

II. The appellant complains of certain rulings of the court in admitting and rejecting testimony. On cross-examination the plaintiff was permitted to state that the defendant had never got back the horse he gave to the plaintiff. There was no error in this, as it tended to show that there had been no rescission of the agreement. On cross-examination the plaintiff stated that he had had the use of the horse he got from.

the defendant. "He is a horse I would not want to drive after dark; a heavy horse." In view of the contention as to what the agreement was it was proper to show that the plaintiff had the use of the horse which he got in the trade, and there was no error in striking out, on the defendant's motion, that part of the answer quoted, as the qualities of that horse were not in issue. On re-examination the plaintiff was not permitted to state the value of the use of this horse if he had had no other horse to put in his place. The value of the use was not dependent upon whether the plaintiff had other horses or not. The defendant was permitted to state, over the plaintiff's objection, that the mare never came into his possession. If the agreement was as claimed by the defendant, it was certainly competent to prove that he never received the mare.

III. Appellant complains of the fourth paragraph of the court's charge "as inapplicable to any material testimony." The paragraph submits with clearness the issue joined in the answer and reply, and instructs the jury that the burden of proving that the mare was not as represented was upon the defendant. The appellant also complains of the refusal to give an instruction asked, based upon the theory that the agreement had been rescinded. There was no such issue joined in the pleadings, and, therefore, the instruction was properly refused. We find no error in either of the respects assigned.

The judgment of the district court is, therefore, AFFIRMED.